IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clyde Turaine Brand, | ) | Case No.: 8:25-cv-03125-JD-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden of FCI Florence, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")
of United States Magistrate Judge Molly H. Cherry (DE 18), issued under 28 U.S.C.
§ 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report
concerns Respondent's Motion to Dismiss or, in the Alternative, for Summary
Judgment filed in response to Petitioner's pro se petition for a writ of habeas corpus
under 28 U.S.C. § 2241.[1] (DE 1, DE 14.)

## A.    Background

The Report accurately outlines the relevant facts and legal standards, which
the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner Clyde Turaine Brand is a federal inmate in the custody of the
Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional
Institution in Florence, South Carolina. Petitioner filed this action pursuant to 28

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

U.S.C. § 2241, challenging the BOP's calculation and application of his First Step Act

("FSA") recidivism risk assessment and time credits. Specifically, Petitioner contends

that the BOP failed to properly credit his participation in certain programming,

resulting in an allegedly incorrect PATTERN risk score and the improper denial of

incentives and time credits under the FSA and the Second Chance Act. (DE 1, DE 1-

1.)

Respondent moved to dismiss the Petition or, alternatively, for summary

judgment, submitting evidentiary materials in support of the BOP's calculation of

Petitioner's PATTERN score and FSA time credits. (DE 14.) Petitioner filed a

response in opposition. (DE 17.)

**B.    Report and Recommendation**

On December 8, 2025, the Magistrate Judge issued the Report recommending

that Respondent's Motion to Dismiss or for Summary Judgment be granted and that

the Petition be dismissed. (DE 18.)

The Magistrate Judge concluded that Petitioner failed to establish a basis for

habeas relief. The Report explains that determinations regarding PATTERN scores

and recidivism risk levels are committed to the discretion of the BOP and are not

subject to judicial review under 18 U.S.C. § 3625. The Magistrate Judge further found

that the evidentiary record demonstrated Petitioner had received credit for all

qualifying programming he completed, but that his consistently high recidivism risk

score rendered him statutorily ineligible to apply earned FSA time credits toward

prerelease custody or supervised release. Finally, the Report determined that

Petitioner does not possess a constitutionally protected liberty interest in the earning or application of FSA time credits, foreclosing any due process claim.

Accordingly, the Magistrate Judge recommended dismissal of the § 2241 Petition.

### C.  Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.    Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review of the Report and the underlying record, the Court finds none.

**E.     Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 18) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that the Petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**, and without requiring the Respondent to file an answer or return.

Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 2, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.